ANDRIUSZIS v. PHILADELPHIA & READING COAL & IRON CO.

(Supreme Court, Appellate Division, Second Department. December 10, 1915.)

1. MASTER AND SERVANT ⬦287—COAL MINING—EXAMINING BREAST—REASONABLE CARE—QUESTION FOR JURY.

Where, in an action by plaintiff, coal miner, for injuries from an explosion, plaintiff's immediate boss testified that he examined the breast of the coal after the blast and found that it was a good shot, but did not testify that there was no dynamite left from a previous charge, which had failed to explode, and because of which the second shot was made, or that he looked for unexploded dynamite while making such examination, the question of the boss' reasonable care in making the examination was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1034, 1045, 1051, 1052, 1054–1067; Dec. Dig. ⬦287.]

2. MASTER AND SERVANT ⬦177—COAL MINING—NEGLIGENCE OF BOSS—LIABILITY.

Such immediate boss not being a certified foreman, but merely a licensed and certified miner, defendant company was liable for his negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 307, 352, 353; Dec. Dig. ⬦177.]

3. MASTER AND SERVANT ⬦287—COAL MINING—EXAMINING BREAST OF COAL.

Such examination by the boss was not as a matter of law a compliance with rule 34 of the Pennsylvania Anthracite Mining Law (June 2, 1891, [P. L. 199]), requiring miners to examine the breast after a blast and ascertain that conditions are safe before allowing their assistants to go to work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1034, 1045, 1051, 1052, 1054–1067; Dec. Dig. ⬦287.]

4. COURTS ⬦12—JURISDICTION—ACTION AGAINST FOREIGN CORPORATION—PERSONAL INJURY—BONA FIDE RESIDENCE.

It was such injured miner's right to sue in this state under Code Civ. Proc. § 1780, after acquiring a bona fide residence, regardless of his motive in becoming a resident.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 32–36, 40, 41, 43, 45; Dec. Dig. ⬦12.]

5. MASTER AND SERVANT ⬦189—"VICE PRINCIPAL"—PENNSYLVANIA LIABILITY ACT.

As such immediate boss was in control of plaintiff at the time and place of such injury, and by law and custom was not allowed to permit plaintiff to approach until an examination had been made, he was a "vice principal," for whose negligence the employer was liable under the Pennsylvania Employers' Liability Act of June 10, 1907 (P. L. 523).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 427–435, 437–448; Dec. Dig. ⬦189.

For other definitions, see Words and Phrases, First and Second Series, Vice Principal.]

Appeal from Trial Term, Richmond County.

Action by John Andriuszis against Philadelphia & Reading Coal & Iron Company, to recover for personal injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 164 App. Div. 951, 149 N. Y. Supp. 1069.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The following is the opinion of Crane, J., in the court below:

[1] There are a few things in this case undisputed which form the groundwork upon which it is built:

(1) While the plaintiff was working in the mine as directed by Shukavage, his immediate boss, an explosion occurred of sufficient violence to blow out both of his eyes.

(2) The only substance there was in the place to explode was all or part of two dynamite charges. One dynamite charge had missed fire, and the second charge was placed about six inches from it. A discharge had taken place, and the question is: Had all the dynamite been exploded, or did the first charge or any part of it remain unexploded?

(3) How was this to be ascertained?

Rule 34 of the Anthracite Mining Laws (P. L. 1891, p. 199) reads as follows: "Rule 34. Before commencing work and also after the firing of every blast, the miner working a breast or any other place in a mine, shall enter such breast or place to examine and ascertain its condition, and his laborer or assistant shall not go to the face of such breast or place until the miner has examined the same and found it to be safe."

It was Shukavage's duty to examine and see that the place was safe before he ordered the plaintiff to work.

(4) What examination did Shukavage make? He looked at the place and found it a good shot, but he does not testify that there was no dynamite remaining, nor does he say that he looked for unexploded dynamite. Whether or not he exercised reasonable care in making an inspection and examination is a question for the jury, even if his testimony were uncontradicted. The jury would have a right to draw such reasonable inferences as the established facts would warrant. That is, if dynamite had exploded and injured the plaintiff, the jury were not called upon to believe this interested witness, even if he said that he examined and found both holes discharged.

[2] (5) For the negligence of Shukavage the defendant would be liable. Philadelphia & Reading Coal & Iron Co. v. Keslusky, 209 Fed. 197. Shukavage was not a certified foreman within the rule of D'Jorko v. Berwind-White Coal Mining Co., 231 Pa. 164, 80 Atl. 77; but simply a licensed or certified miner, similar to licensed plumbers, engineers, etc., in this state. The testimony in this case is very different from what it was when before the court in 143 App. Div. 607, 127 N. Y. Supp. 980, and 149 App. Div. 924, 133 N. Y. Supp. 1111.

[3] This is the first time that rule 34, above quoted, has been put in evidence. Such rule is not complied with as a matter of law by the person charged with the duty testifying that an examination was made and the shot was a good one. Again, on the former trial it did not appear that after a second discharge portions of dynamite sometimes remained unfired and might reasonably be expected to cause harm unless a good and sufficient search were made to see for a certainty that both charges had been fired. Shukavage was charged with a duty of ascertaining by a proper inspection that both shots had gone off. After the second shot had been fired, he went in and looked at the place and ordered the plaintiff to work, when another explosion took place, injuring the plaintiff. The jury had the right to draw the inference that Shukavage had been neglectful in his examination and inspection.

[4] I feel, as does the defendant's counsel, that these cases should be tried in Pennsylvania; but our statute law (section 1780 of the Code of Civil Procedure) gives the plaintiff the right to bring his action here, and the court should therefore not permit the transportation of the case from Pennsylvania to this state to incline them to a strict and narrow view of the law. The plaintiff appears to have become a resident of this state, and if he has in good faith become a resident the purpose of his coming here is immaterial so long as the Legislature has seen fit to open our courts to him.

[5] It is claimed by the defendant that Shukavage is not a "vice principal" within the meaning of the Employers' Liability Act of 1907 of the state of Pennsylvania (P. L. 523), but as Shukavage was the person in control of the plaintiff at the time and place in question, and by law and custom was not permitted to allow him to approach the place of explosion until an examina-

tion had been made, I think he was a vice principal within the meaning of the act. Such has been the interpretation of a similar law of our own Legislature particularly modifying a prior statute so as to meet the narrow interpretation placed upon the law by the case of Guilmartin v. Solvay Process Co., 189 N. Y. 490, 82 N. E. 725.

Motion to set aside the verdict and grant a new trial denied.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and RICH, JJ.

Pierre M. Brown, of New York City, for appellant.

David C. Hirsch, of New York City (John F. McIntyre, of New York City, on the brief), for respondent.

PER CURIAM. Judgment and order unanimously affirmed, with costs, on the opinion of Crane, J., at Trial Term.

---

FORTINO v. MERCHANTS' DISPATCH TRANSP. CO.

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

MASTER AND SERVANT ⬥250¾, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—"LOSS OF FINGER."

Where an injury resulted in the taking off of a portion of the second phalange of plaintiff's index finger by amputation, compensation for the injury must be made on the basis of the total loss of the finger.

Appeal from Workmen's Compensation Commission.

Proceeding by Nicolo Fortino against the Merchants' Dispatch Transportation Company for compensation for personal injuries under the Workmen's Compensation Act (Consol. Laws, c. 67). From an award of the Workmen's Compensation Commission, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Harris, Beach, Harris & Matson, of Rochester (Daniel M. Beach, of Rochester, of counsel), for appellant.

Jeremiah F. Connor, of New York City, Counsel to Workmen's Compensation Commission, and

Egburt E. Woodbury, Atty. Gen. (Harold J. Hinman, Deputy Atty. Gen., of counsel), for respondent.

PER CURIAM. The claimant in the present proceeding has an award as for the total loss of the index finger of his left hand, the amputation made necessary by the injury resulting in the taking of a portion of the second phalange of the finger. Unless this court is to withdraw from the deliberate reasoning in Matter of Petrie, 165 App. Div. 561, 151 N. Y. Supp. 307, where we attempted to reach the true construction of the statute, the determination of the commission must be approved in this case. We are the more willing to reach this conclusion in view of the fact that any other construction would require a holding that this injury comes within "other cases," as defined in

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes